
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES OLIVER BLACK,

    Plaintiff,

vs.                        CIVIL ACTION NO.: CV508-033

Dr. GHISLAIN PERRON; Dr. CHARLES HARDEN; DANNY BENNETT, Deputy Warden of Care and Treatment; DON JACKSON, Warden, and CORNELL CORRECTIONS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at D. Ray James Prison in Folkston, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff names Cornell Corrections, the private contractor which operates D. Ray James Prison, as a Defendant. Private contractors who run prisons act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir.2003). However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v.

Harvey, 949 F.2d 1127, 1129-30 (11th Cir.1992). Plaintiff fails to allege that there was an established policy or custom on the part of Cornell Corrections, as such is required by Monell. Therefore, Plaintiff fails to state a claim against Cornell Corrections.

Plaintiff asserts he has been denied equal protection of the law based on Defendants' alleged failure to provide him with the same or similar medical care as prisoners who are similarly situated. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has not shown that, even if Defendants discriminated against him, this treatment was based on a constitutionally protected interest. Thus, Plaintiff's equal protection claims should be dismissed.

Plaintiff also asserts the alleged failure to provide him with adequate medical care has resulted in the denial of due process. "Claims involving the mistreatment of pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citation and punctuation omitted). As Plaintiff is a convicted prisoner, his assertions are akin to assertions of cruel and unusual punishment, not a violation of his right to due process.

AO 72A
(Rev. 8/82)

Plaintiff sets forth claims based on Defendants' alleged violations of various Georgia statutes. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of state tort law. Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979). Accordingly, Plaintiff's state law claims cannot be sustained in the instant cause of action.

Finally, Plaintiff seeks injunctive relief against Defendants. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

Plaintiff has failed to show that there is a substantial likelihood that he could prevail on the merits of his Complaint. At most, Plaintiff has asserted colorable claims for relief, as outlined in the Order of even date. Plaintiff's request for injunctive relief should be denied.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Cornell Corrections be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's equal protection, due process, state law, and injunctive relief claims be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of June, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE