IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES OLIVER BLACK,

    Plaintiff,

vs.

Dr. GHISLAIN PERRON; Dr. CHARLES
HARDEN; DANNY BENNETT, Deputy
Warden of Care and Treatment, and
DON JACKSON, Warden,

    Defendants.

CIVIL ACTION NO.: CV508-033

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Oliver Black ("Plaintiff"), who is currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends he has a history of diabetes and was prescribed medication for his condition, as well as a soft shoe profile, while he was housed at other prisons. Upon being transferred to D. Ray James Prison, Plaintiff asserts he asked Defendant Perron, a physician, for soft shoes, and Defendant Perron told Plaintiff he should wear two or three pairs of socks. Plaintiff also asserts Defendant Perron did not examine his feet for neuropathy. Plaintiff alleges Defendant Harden, another physician, would not provide

the medication he was prescribed for his neuropathy. Plaintiff contends he has been in severe pain and denied medical care for his conditions since his arrival at D. Ray James Prison. Plaintiff also contends he has spoken to Defendant Jackson, the Warden, and Defendant Bennett, the Deputy Warden of Care and Treatment, about his medical conditions, but neither of these Defendants will do anything to help him and would not investigate his complaints. Plaintiff alleges Defendants have placed him in danger of having his foot amputated.

Defendants have moved for the dismissal of Plaintiff's Complaint, asserting that Plaintiff has failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert Plaintiff was required to comply with the grievance procedure established by the Georgia Department of Corrections. Defendants contend Plaintiff had to pursue all available levels of administrative remedies, including any appeals, in order to satisfy the exhaustion requirement. According to Defendants, Plaintiff filed a

formal grievance on January 11, 2008, in which he alleged that Defendants were deliberately indifferent to his serious medical needs. Defendants assert that Plaintiff's grievance was denied, and Plaintiff refused to acknowledge receipt of the denial by stating, "Put down there I've already filed suit." (Doc. No. 44, p. 2). Defendants also assert Plaintiff did not file an appeal of this denial.

Plaintiff asserts the response he received to his grievance was over 100 days late. Plaintiff also asserts that, pursuant to Standard Operating Procedure IIB05-0001, he did not receive any notification from Defendants that they required an extra ten (10) days, in addition to the original 30 days allowed, to respond to his grievance. Plaintiff also asserts he could not file an appeal because he did not have anything he could appeal.[1]

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is

---

[1] No party submitted a copy of the applicable Standard Operating Procedure.

considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Plaintiff filed a grievance concerning the events about which he complains in this cause of action on January 11, 2008. Plaintiff filed his Complaint on March 24, 2008, and he received notification of a response to his grievance on April 25, 2008. (Doc. No. 43-2, p. 3). It appears that Plaintiff contends that he was unable to exhaust his administrative remedies prior to filing his Complaint because prison officials refused to respond to his formal grievance in a timely manner, and that, therefore, remedies were not "available" within the meaning of 42 U.S.C. § 1997(e)(a).

While "available administrative remedies" does not mean that the remedies must be adequate, it does mean that the exhaustion process actually must be available to the inmate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Indeed, in determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were *available* and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (emphasis added). There is little case law addressing what constitutes "available" administrative remedies. In Hall v. Richardson, 144 F. App'x 835 (11th Cir. 2005), the Eleventh Circuit chose not to address the issue of whether the denial of grievance forms by jail officials would render administrative remedies "unavailable." 144 F. App'x at 836. Instead, that court merely noted that "[t]he Supreme Court has explained that 'available'

refers to 'the possibility of some relief for the action complained of.'" Id. (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). Several courts have found rare circumstances in which the otherwise mandatory exhaustion requirement may be excused or in which administrative remedies are not truly "available" within the meaning of the Prison Litigation Reform Act ("PLRA"). See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate's claims were improperly dismissed where district court failed to consider allegations that inmate was denied grievance forms); Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (finding that exhaustion defense is estopped if prison officials hinder inmate in exhausting administrative remedies); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (finding remedies are "unavailable" where prison officials refuse to give inmate grievance forms despite inmate's requests).

Because Plaintiff filed his complaint less than three months after filing his grievance and because he received a response to the grievance approximately one month after filing his complaint, Plaintiff did not exhaust his available administrative remedies.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion be **GRANTED**. Plaintiff's complaint should be dismissed without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE